IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **HELENE TONIQUE WILLIAMS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 19-cv-03164 |
| | ) |
| **ILLINOIS STATE POLICE and** | ) |
| **BRENDAN J. KELLY** | ) |
| | ) |
| **Defendants.** | ) |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the motion to dismiss (d/e 11) filed by Defendants. For the reasons stated below, the motion to dismiss is GRANTED.

**I. INTRODUCTION**

Plaintiff filed a similar action in the Central District of Illinois on May 29, 2019, case no. 19-cv-03141, against Toni Preckwinkle, Chicago Police Department 7th District, and the County of Cook[1]. Thereafter, she filed the instant action against Michael Frerichs, the

---

[1] The case was transferred to the Northern District of Illinois. However, the case was dismissed because Ms. Williams is a restricted filer in the Northern District of Illinois.

Illinois State Police, the Executive Committee of the Northern District/Eastern Division Clerk's Office, and Toni Preckwinkle. Upon the Court's review, the Court dismissed Michael Frerichs, the Executive Committee of the Northern District/Eastern Division Clerk's Office, and Toni Preckwinkle and added Brendan F. Kelly, Director of the Illinois State Police, as a defendant for identifying purposes. See Court's Opinion, d/e 7.

The only remaining Defendants, Illinois State Police and Brendan F. Kelly, move for dismissal of Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim.

## II. LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6) and for lack of subject matter jurisdiction under Rule 12(b)(1), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. Id.; Alicea-Hernandez v. Catholic Bishop of Chi., 320 F.3d 698, 701 (7th Cir. 2003). However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A plausible claim is one that

alleges factual content from which the Court can reasonably infer that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. Id.

The plaintiff bears the burden of proving the jurisdictional requirements have been met. Ctr. For Dermatology & Skin Cancer Ltd. v. Burwell, 770 F.3d 586, 588 (7th Cir. 2014). "The court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists. Alicea-Hernandez, 320 F.3d at 701.

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cty. Of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing she is entitled to relief and giving the defendant fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

## III. FACTS ALLEGED IN THE AMENDED COMPLAINT

Factual allegations from the complaint are accepted as true at the motion to dismiss stage. Olson v. Champaign Cty., Ill., 784 F.3d 1093, 1095 (7th Cir. 2015); Tamayo, 526 F.3d at 1081. However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted). The following facts come from the Complaint.

Ms. Williams alleges that on June 7, 2019, the Illinois State Police revoked Ms. Williams' Illinois FOID card for a wrongful indictment of unlawful use of a weapon without a FOID card in violation of her civil rights. See d/e 1, p. 6. She alleges that she has not been convicted for the wrongful charges pending against her and her FOID card should not have been revoked without being convicted of the pending charges. Id. Moreover, she contends that the charging officer lacked probable cause for the charges brought against her. Id. at p. 5-6. Plaintiff alleges that the revocation of her FOID card was a violation of her Second Amendment rights. Id. at p. 6. Additionally, Plaintiff alleges that Illinois State Police failed to

intervene to protect her from violation of her civil rights by one or more other defendants. Id. Plaintiff fears that the revocation puts her at risk of being arrested and/or imprisonment for wrongful indictment. Id.

Ms. Williams seeks $1 million in compensatory damages and punitive damages. See d/e 1, p. 7. The Complaint form itself invokes jurisdiction under 28 U.S.C. §1331, 28 U.S.C. § 1343(a)(3), and/or 42 U.S.C. § 1983. Id. at p. 1. No other causes of actions were identified. See id.

After a review of the Complaint, the Court allowed Plaintiff's claim of procedural due process violation pursuant to 42 U.S.C. § 1983 to proceed against Illinois State Police. See d/e 7, p. 6. The Court added as a defendant the Director of Illinois State Police, Brendan F. Kelly, in his official capacity for identification purposes. Id. No other individual defendants were sued by Plaintiff, and no allegations of personal involvement of any individual have been pled. See d/e 1.

## IV. ANALYSIS

Defendants Illinois State Police and Defendant Kelly filed a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(1) arguing that the Court lacks subject matter jurisdiction over this case due to sovereign immunity afforded to the State of Illinois under the Eleventh Amendment. Defendants also filed the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) contending that Plaintiff has failed to state a claim for relief pursuant to 42 U.S.C. § 1983.

**A. The Court Lacks Subject Matter Jurisdiction over the Illinois State Police and Defendant Kelly in His Official Capacity.**

Defendants argue that this Court lacks subject matter jurisdiction over Plaintiff's case as the State of Illinois enjoys sovereign immunity pursuant to the Eleventh Amendment. The Eleventh Amendment provides, "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. In short, the Eleventh Amendment limits a federal court's jurisdiction over suits against a state by a foreign state, citizens of another state, and the state's own citizens. MCI Telecommunications Corp. v. Illinois Bell Tel. Co., 222 F.3d 323, 336 (7th Cir. 2000). As such, "an unconsenting State is

immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Bd. Of Regents of Univ. of Wis. Sys. V. Phx. Int'l Software, Inc., 653 F.3d 448, 457 (7th Cir. 2011). The immunity "also bars federal jurisdiction over suits against state officials acting in their official capacities when the state is the real party in interest." MCI Telecommunications, 222 F.3d at 337. However, the immunity is not without exception. See id. ("Congress may exercise its power under the Fourteenth Amendment and thereby authorize private suits against unconsenting states. A state also may waive its immunity from suit. Additionally, the Ex parte Young doctrine allows private parties to sue individual state officials for prospective relief to enjoin ongoing violations of federal law.")(internal citations omitted).

Defendants argue that Illinois State Police is a part of the State of Illinois' executive branch. See 20 ILCS 5/5-15 ("The Departments of State government are created as follows . . . The Department of State Police."). Moreover, Defendant Kelly is the director of that state department. As such, Defendants contend that a citizen of the State of Illinois has brought suit against a state department and state official without the consent of the state

department and state official.  Plaintiff argues that the Eleventh Amendment does not apply because she is a citizen of Illinois.  See d/e 15, p. 5.  Plaintiff also believes that the Eleventh Amendment is frivolous to her lawsuit.  Id., at p. 6.

The Court added Defendant Kelly in his official capacity, not in his individual capacity.  Plaintiff has not pled any allegations against Defendant Kelly in his individual capacity.  Additionally, as Defendants note in their memorandum, the jurisdictional limitations of the Eleventh Amendment apply regardless of the relief sought, whether it be monetary, injunctive, or punitive.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

The Court finds that Eleventh Amendment does apply without any exception in this case as the Illinois State Police is a department of Illinois' executive branch and Defendant Kelly is the director of the state department.  As the Illinois State Police and Defendant Kelly have not consented to this lawsuit, both Defendants are afforded sovereign immunity over Plaintiff's lawsuit.  Therefore, the Court lacks subject matter jurisdiction over this matter.

## B. Plaintiff Fails to State a Claim Pursuant to 42 U.S.C. § 1983 Against Illinois State Police and Defendant Kelly in His Individual Capacity.

The Court previously ruled that Plaintiff is allowed to proceed only on her claim for violation of her procedural due process rights. The Due Process Clause guarantees the right of fair procedure. Zinermon v. Burch, 494 U.S. 113, 125 (1990) ("In procedural due process claims, the deprivation by state action of a constitutionally protected interest in life, liberty, or property is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law."). To prove a procedural due process claim, a plaintiff must show: "(1) a cognizable liberty or property interest; (2) the deprivation of that interest by some form of state action; and (3) the failure to employ constitutionally adequate procedures." Dietchweiler v. Lucas, 827 F.3d 622, 627 (7th Cir. 2016). "Once it is determined that due process applies, the question remains what process is due." Id.

In determining the proper party who may be held liable for a procedural due process claim, "the crucial issue is personal (or departmental) responsibility." Hoffman v. Knoebel, 894 F.3d 836, 841 (7th Cir. 2018). Liability may be imposed only when an official

causes the deprivation of liberty. Id. (citing Kuhn v. Goodlow, 678 F.3d 552, 555–56 (7th Cir. 2012) (noting that "§ 1983 liability is premised on the wrongdoer's personal responsibility")). In sum, "the official's act must both be the cause-in-fact of the injury and its proximate cause." Id.

In this case, Defendants argue that Plaintiff has not pled any facts that Defendant Kelly or any other individual was personally involved in revoking her FOID card. In response, Plaintiff states that Defendant Kelly is responsible for all actions of the Illinois State Police. The Court finds that Plaintiff has failed to allege facts that Defendant Kelly was personally involved in violating any of Plaintiff's rights.

Defendants also contend that Illinois State Police had the right to deprive Plaintiff of her FOID card, gun, or both, under state and federal law. In this case, Plaintiff filed along with her Complaint the Cook County, Illinois, indictment that is against Plaintiff for aggravated unlawful use of a weapon, which is a class 4 felony and carries a potential sentence of no less than one year. See d/e 1-1, pp. 11, 13-14; 720 ILCS 5/24-1.6 (explaining the offense of aggravated unlawful use of a weapon and that it is a Class 4 felony).

Plaintiff argues that the indictment was a mistake and she has not been found guilty of the charge.  Defendants contend that Plaintiff must prove more than a mistake.  Instead, Plaintiff should have availed herself of remedies provided by state or allege that the remedies are inadequate.  See <u>Doherty v. City of Chicago</u>, 75 F.3d 318, 323 (7th Cit. 1996).  Based on the exhibits filed with the Complaint, Plaintiff filed an appeal to her FOID card being revoked.  However, Plaintiff has not alleged any facts as to how the appeal process was inadequate.  Therefore, Plaintiff has failed to state a claim for procedural due process pursuant to 42 U.S.C. § 1983.

Plaintiff fails to state any other cause of action against Illinois State Police and Defendant Kelly that would subject Defendants to liability.

### IV. CONCLUSION

For the reasons stated, the Motion to Dismiss (d/e 11) filed by Defendants Illinois State Police and Brendan F. Kelly is hereby GRANTED.  Plaintiff's Complaint (d/e 1) is hereby DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction and failure to state a claim.

**ENTERED: October 13, 2020**
**FOR THE COURT:**

                       *s/Sue E. Myerscough*
                     **SUE E. MYERSCOUGH**
                     **UNITED STATES DISTRICT JUDGE**

**ENTERED: October 13, 2020**
**FOR THE COURT:**

                   *s/Sue E. Myerscough*
                 **SUE E. MYERSCOUGH**
                 **UNITED STATES DISTRICT JUDGE**